IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Daniel Mark Mixson, | ) | C/A No.  0:14-2004-DCN-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Al Cannon, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Daniel Mark Mixson ("Petitioner"), a self-represented prisoner, filed a

Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Petitioner files this action *in*

*forma pauperis* under 28 U.S.C. § 1915.  This Petition is before the court pursuant to 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC.  Having reviewed the Petition in accordance with

applicable law, the court concludes that it should be summarily dismissed without prejudice and

without requiring the respondent to file a return.

I.      **Factual and Procedural Background**

Petitioner indicates that, on November 21, 2013, he received a sentence of unspecified length

for the offense of burglary first degree in Charleston County.  (ECF No. 1 at 1.)  Petitioner seeks

dismissal of all charges, restoration of Social Security benefits and housing, compensation for pain

and suffering, and punitive damages.  (Id. at 14.)

---

[1] Petitioner submitted his claims on the standard form used by state prisoners to seek habeas
corpus relief under 28 U.S.C. § 2254.  (ECF No. 1.)  As Petitioner references a state conviction, the
case has been docketed as a Petition filed under § 2254.  However, Petitioner also indicates that he
is a detainee at the Charleston County Detention Center and seeks dismissal of charges.  To the
extent Petitioner challenges pending state criminal charges, such claims are analyzed under 28
U.S.C. § 2241, which allows a prisoner to seek pretrial habeas relief.  See United States v. Tootle,
65 F.3d 381, 383 (4th Cir. 1995).



II.     Discussion

A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C.

§ 2254;[2] the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-

132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25

(1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972);

Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville,

712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89

(2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.;

Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with

liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially

meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When

a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.

Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a

clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal

district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).  The mandated liberal

construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241.
See Rule 1(b).



to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Petition references a sentence imposed on November 21, 2013, but seeks restoration of Social Security benefits and monetary damages, which are not available habeas remedies.  See Nelson v. Campbell, 541 U.S. 637, 646 (2004) (damages unavailable in a habeas action); see also In re Frazier, Nos. 04-6194, 04-6195, 04-6196, 2004 WL 1465495, at *1 (4th Cir. June 30, 2004) (holding that § 2254  cannot provide reinstatement of social security benefits).  In addition, Petitioner's grounds for relief cite to "Affordable Health Care OBama Case law effective October 1, 2013."  (ECF No. 1 at 5-10.)  However, other than listing a South Carolina Department of Mental Health patient number, Petitioner fails to provide factual information to support his grounds for habeas relief, or indicate how such grounds relate to his conviction.  (Id.)  Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254 requires a petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  Mayle v. Felix, 545 U.S. 644, 655-56 (2005) ("Habeas Corpus Rule 2(c) is more demanding" than the pleading requirement for ordinary civil proceedings and requires petitioners to "plead with particularity [] to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.' ") (citation omitted).  In the instant case, Petitioner's vague and conclusory grounds for habeas should be summarily dismissed.  See Hart v. Hedrick, No. 86-7638,



1986 WL 17927, at *1 (4th Cir. Oct. 24, 1986) (holding that Rule 2(c) requires, "at a minimum," information sufficient to ascertain the conviction petitioner is challenging and the grounds relating to such conviction); see also Bryant v. Cartlege, C/A No. 8:13-316-RMG, 2014 WL 108354, at *2 (D.S.C. Jan. 9, 2014) (dismissing habeas ground which was "impermissibly vague" under Rule 2(c)) (citing Mayle, 545 U.S. at 649).

Petitioner also seeks dismissal "of all charges." (ECF No. 1 at 14.) Records in a previous case filed by Petitioner suggest that the instant Petition may be referencing a competency hearing in a pending state criminal proceeding, rather than a state conviction.[3] See Mixson v. City of Charleston, C/A No. 2:14-424-DCN (D.S.C. Feb. 19, 2014) (letter complaining of actions taken by Judge McDonald during a competency hearing on November 21, 2013); see also id. at ECF No. 8. However, to the extent Petitioner seeks dismissal of charges pending in state court, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. Dickerson v. State of Louisiana, 816 F.2d 220, 226 (5th Cir. 1987) (quoting Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)).

Further, in Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. See Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43-

---

[3] A court may take judicial notice of its own records. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.' ") (citation omitted); see also Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).



44 (citation omitted).  From Younger and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Petitioner states that he is currently detained at the Charleston County Detention Center. (ECF No. 1 at 1.)  To the extent Petitioner seeks dismissal of an ongoing state criminal proceeding, the first part of the test is satisfied.  The second part of the test is met as the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  Kelly v. Robinson, 479 U.S. 36, 49 (1986).  The Court also addressed the third criterion in noting " 'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.' "  Gilliam v. Foster, 75 F.3d at 904 (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)).  Petitioner can pursue his claims associated with a pending state criminal matter in state court both during and after the disposition of such charges.  Thus, Petitioner is precluded from federal habeas relief at this time for any habeas claims related to a pending state criminal proceeding.  See Younger, 401 U.S. at 43-44.

PJG

### III.     Conclusion

Accordingly, the court recommends that the instant Petition for writ of habeas corpus be

dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 9, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).